IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLINGLET, INC., | No. C 09-05156 SI |
| Plaintiff, | **ORDER** |
| v. | |
| AMBER ALERT SAFETY CENTERS, INC., KAI D. PATTERSON, et al., | |
| Defendants. | |

Pursuant to Civil Local Rule 7-1(b), the Court found defendant Kai Patterson's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction appropriate for resolution without oral argument. Having considered the papers submitted, and for good cause shown, the Court DENIES the motion.

Patterson asserts that this Court lacks personal jurisdiction over him based on the fiduciary shield doctrine, because at all times relevant to this action he acted in his capacity as an officer of a corporation and on behalf of Amber Alert, and his only contacts with California were in that capacity.[1] However, the Supreme Court determined in *Calder v. Jones*, 465 U.S. 783, 790 (1984) that to establish personal jurisdiction, courts do not look to the defendant's status as a corporate officer, but rather individually assess each defendant's contact with the forum state regardless of whether that defendant was acting in his or her official capacity. Therefore this Court need only apply the Ninth Circuit's three-part test for determining specific jurisdiction over Patterson: purposeful availment, causation, and reasonableness.

---

[1] The fiduciary shield doctrine provides that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prod., Inc*., 885 F.2d 515, 520 (9th Cir. 1989). It is not clear that this doctrine still has force in the Ninth Circuit. *See Kukui Gardens Corporation v. Holco Capital Group, Inc*., No-08-00049, 2008 WL 6965851, at *5 (D. Haw. Dec. 19, 2008).

Using these tests, the Court clearly has specific jurisdiction over Patterson.

Patterson's actions, while apparently carried out on behalf of Amber Alert, were directly related to the dispute before this court. According to the complaint, Patterson made fraudulent promises and assurances to induce plaintiff to create an application which defendants then reverse-engineered and subsequently terminated its agreement with plaintiff while never providing proper compensation. Compl. ¶ 67. Patterson signed the letter of intent setting forth the terms of the parties' agreement on behalf of Amber Alert, which specified ownership over copyrighted material developed by each company. Compl. ¶ 25. The complaint asserts that Patterson represented to his investors that Amber Ready had developed the software without reference to Blinglet, and that he took concrete steps to prevent plaintiff from capturing the portion of revenues to which it was contractually entitled based upon the number of mobile downloads. Compl. ¶ 61-62. Moreover, plaintiff asserts that Patterson sent a new Memorandum of Understanding to plaintiff after the business relationship deteriorated, after which plaintiff began to believe that the code of the software had been reverse-engineered. Compl. ¶ 63, 67. Plaintiff maintains that Patterson's fraudulent promises were meant to "absorb the time and cost necessary to develop and implement the mobile application" without ever intending to properly compensate the plaintiff for its work. Compl. ¶ 95.

Taking plaintiff's complaint at face value, although Patterson did not come to California during the relevant time, there are sufficient facts which demonstrate purposeful availment and causation, since the claims arise directly from Patterson's forum-related activities. Further, assertion of jurisdiction is reasonable under the tests set out in *Bancroft & Masters Inc. V. Augusta Nat. Inc*, 223 F.3d 1082, 1088 (citing *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Accordingly, the Court DENIES defendant's motion to dismiss for lack of personal jurisdiction. (Docket No. 3)

**IT IS SO ORDERED.**

Dated: February 6, 2010

SUSAN ILLSTON
United States District Judge

2